In re ROBINSON'S WILL.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

1. PERPETUITIES (§ 8*)—CHARITABLE USES.

A provision in a will that certain accumulations were to be paid over to named trustees "to provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper, to such persons as they shall select," preference to be given to persons of certain habits and belonging to certain denominations, was void.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 57–66; Dec. Dig. § 8.*]

2. PERPETUITIES (§ 9*)—TRUSTS—VALIDITY.

A provision in a will which left a fund in trust during the lives of two persons, the trustees to pay over, out of either the principal or income or both, to the next of kin of the testatrix, such sums in the discretion of the trustee, to maintain them in their particular station and secure for them such education, culture and relief in emergency, as might seem fitting to the trustees, who were to have absolute and uncontrolled discretion, was valid.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the probate of the will of Mary S. Robinson. From the decree of the Surrogate's Court (71 Misc. Rep. 87, 129 N. Y. Supp. 1020), this appeal is taken. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Arthur M. Johnson, for appellants.

Edward R. Otheman, for respondents.

PER CURIAM. We agree with the determination of the surrogate of Westchester county that the attempted trust set forth in the eighth, ninth, and tenth clauses of the will in question is void. We think, however, that the trust attempted to be created in the sixth and seventh clauses of the will is valid. This trust does not direct any accumulation of income, but, because it makes any payment of income or from the corpus absolutely dependent upon the discretion of the trustees under defined conditions, it may be said that it sanctions an accumulation of income during a period which is not measured by a minority. To this extent the accumulation would be unlawful. Under these circumstances, the accumulation, if any resulted, would go to those entitled to the next eventual estate, who in this case, as the will is now construed, would be the next of kin of the testatrix. The trust in question can continue, however, certainly as to the corpus of the trust fund during the period defined by the will. In this respect the trust in question is quite similar to the class, well recognized as valid, known as "spendthrift trusts." We think that Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305, 2 Am. St. Rep. 420, cited by the learned surrogate, does not apply here, for in that case

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there were no definite beneficiaries of the attempted trust, while here the contemplated beneficiaries are fully defined by the will as being the next of kin of the testatrix.

The decree of the Surrogate's Court should be so modified as to declare valid the trust set forth in the sixth and seventh clauses of the will, and, as so modified, affirmed, with costs and disbursements of the appeal payable out of the estate to all the parties who have filed briefs on this appeal.

---

(72 Misc. Rep. 349.)

WALDO, Fire Com'r, v. CHRISTMAN.

SAME v. WINTER & CO.

(Supreme Court, Appellate Term. June 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 603*)—POLICE POWER—STATUTES—REPEAL.
New York City Charter (Laws 1897, c. 378) § 762, requiring owners and proprietors of certain character of establishments to install such fire alarms and apparatus as the fire commissioners and police board may direct, was not repealed by Laws 1901, c. 466, continuing the first-mentioned statute in force until the board of aldermen should, by ordinance, regulate the matters provided for, as Building Code, §§ 102, 109, was not a complete or inconsistent regulation of the matters provided for in said section.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1334; Dec. Dig. § 603.*]

2. CONSTITUTIONAL LAW (§ 63*)—DISTRIBUTION OF EXECUTIVE POWERS—ENCROACHMENT ON LEGISLATURE.
New York City Charter (Laws 1897. c. 378), § 762, providing that the owners and proprietors of all manufactories, hotels, tenement houses, apartment houses, stores, offices, theaters, and music halls, etc., shall provide such means of communicating alarms of fire, accident, or danger as the fire commissioner or police board may direct, and also provide such extinguishers, etc., as such fire commissioner may direct, is not unconstitutional as an unlawful delegation of the lawmaking power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 108–114; Dec. Dig. § 63.*]

3. MUNICIPAL CORPORATIONS (§ 626*)—POLICE POWER—STATUTES—CONSTITUTIONALITY.
That there is a possibility for unjust discrimination under such a statute as New York City Charter (Laws 1897, c. 378), § 762, requiring the proprietors of certain classes of buildings and places to install such fire alarms and extinguishers as the police and fire commissioner should direct, does not render it unconstitutional.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1380; Dec. Dig. § 626.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Proceedings by Rhinelander Waldo, Fire Commissioner of the City of New York, against John Christman, and proceedings by the same plaintiff against Winter & Co. From judgments for the plaintiff, defendants appeal. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes